[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-15485

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 6, 2006
THOMAS K. KAHN
CLERK

D.C. Docket No. 04-00589 CV-J-25-HTS

CYNTHIA NICHOLS, as guardian of
the property of SMN, a minor child,

Plaintiff-Appellee,

versus

DONNA MAYNARD, individually,
STACEY MERRITT, individually,
KATHY MCCLENITHAN, individually,
LIN PELTER, individually,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(November 6, 2006)**

Before MARCUS, WILSON and COX, Circuit Judges.

PER CURIAM:

Donna Maynard, Stacey Merritt, Kathy McClenithan, and Lin Pelter (the Defendants) appeal the district court's order denying their motion to dismiss grounded upon qualified immunity. Because the complaint does not allege facts to support a finding that Defendants were deliberately indifferent to the right to physical safety of foster child, SMN, Defendants are entitled to qualified immunity. Therefore, we reverse the district court's order and remand with instructions to dismiss the claims against the Defendants individually.

## I. BACKGROUND & PROCEDURAL HISTORY

In June of 2000, the Florida Department of Children and Families (DCF) received a report that JK, a ten-year-old male foster child, had sexually molested SMN, a five-year-old male foster child, at the foster home where the two boys shared a bedroom. On June 5, 2004, SMN's guardian, Cynthia Nichols, filed a complaint in a Florida circuit court against DCF employees Maynard, Merritt, McClenithan, and Pelter in their individual capacities. The complaint, asserting claims under 42 U.S.C. § 1983, alleged that Defendants had violated SMN's Fourteenth Amendment due process right to physical safety as a dependent child in DCF custody when they placed JK, a sexual abuse victim, in SMN's home. The suit was removed to the federal district court.

2

The Defendants filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss asserting that they were entitled to qualified immunity because Plaintiff failed to plead deliberate indifference. The district court granted the motion, but not on qualified immunity grounds, finding that the complaint had failed to make specific allegations about each defendant. Plaintiff filed an amended complaint to which Defendants responded with another motion to dismiss, relying on the same assertions as in their previous motion.

On September 23, 2005, the district court entered an order denying Defendants' motion to dismiss, holding that because the complaint alleged facts that would support a finding that Defendants were deliberately indifferent, qualified immunity did not bar the suit. The court noted that the complaint alleged that Defendants had knowledge of JK's history of "sexually acting out," yet still placed him in the same home as SMN.

## II. ISSUE ON APPEAL

Defendants contend that they are entitled to qualified immunity and that the district court erred in denying their motion to dismiss.

## III. STANDARD OF REVIEW

We review de novo a district court's denial of qualified immunity at the motion to dismiss stage. *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003). "In

3

reviewing a complaint, we accept all well-pleaded factual allegations as true and construe the facts in the light most favorable to the plaintiff." *Id.*

## IV. DISCUSSION

A district court must dismiss a complaint under Fed. R. Civ. P. 12(b)(6) when the complaint's allegations, on their face, show that an affirmative defense bars recovery on the claim. *Marsh v. Butler County*, 268 F.3d 1014, 1022 (11th Cir. 2001). Once the affirmative defense of qualified immunity is asserted, "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Id.* (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 2815 (1985). Without such allegations, the district court should grant qualified immunity at the motion to dismiss stage. *See Gonzalez v. Reno*, 325 F.3d 1228, 1233 (11th Cir. 2003). Thus, if Defendants in this case are entitled to qualified immunity, the district court should have granted their motion to dismiss. *See, e.g., Cottone*, 326 F.3d at 1357.

The parties agree that Defendants were acting within the scope of their discretionary authority as government officials. They also agree that SMN had a clearly established right to physical safety in his foster home. Thus, in determining the question of qualified immunity, the only issue for us to decide is whether the

4

complaint alleges facts that could support a finding that Defendants were deliberately indifferent to SMN's right to physical safety.

Defendants are not entitled to qualified immunity if they were deliberately indifferent to SMN's right to physical safety. *See Taylor v. Ledbetter*, 818 F.2d 791, 797 (11th Cir. 1987). As a matter of law, Defendants were deliberately indifferent only if they disregarded a risk of harm of which they were actually aware or they deliberately failed to learn of that risk. *Ray v. Foltz*, 370 F.3d 1079, 1083-84 (11th Cir. 2004). In order to establish deliberate indifference, the plaintiff must be able to allege and prove at trial that the defendant "(1) was objectively aware of a risk of serious harm; (2) recklessly disregarded the risk of harm; and (3) this conduct was more than merely negligent." *Id*. at 1083 (citing *McElligot v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999)).

Thus, to determine if Defendants are entitled to qualified immunity, we must examine the complaint to see if it claims that Defendants had actual knowledge of or deliberately failed to discover the serious risk of harm to SMN of the types of injuries he sustained. *See Ray*, 370 F.3d at 1083-84. The complaint makes two allegations that are central to our review. First, it alleges that Defendants "deliberately and recklessly disregarded adverse information regarding JK's background of sexually acting out and deliberately ignored the obvious, serious risk of harm JK's placement

5

. . . presented to SMN and the other children" in the foster home. Second, the complaint alleges that Defendants deliberately violated their own department guidelines by placing JK, in an already overcrowded home, in a bedroom with younger children. In support of the first allegation, Plaintiff points to DCF records that indicate that Defendants knew or should have known[1]: (1) JK had sexually acted out in at least five prior foster homes from as early as May of 1996 to September of 1998; (2) in September of 1998, JK "got into bed naked" with one of his foster parents' natural sons without the parents' knowledge; and (3) JK had been sexually victimized numerous times in prior foster homes.

We conclude that neither allegation sufficiently pleads that Defendants were deliberately indifferent to SMN's right to physical safety. Therefore, we conclude that Defendants are entitled to qualified immunity. Assuming as we must at the motion to dismiss stage that Defendants had knowledge of the information contained in the DCF records, the complaint does not show that this information alerted them to any serious risk of harm to SMN. *See Ray*, 370 F.3d at 1084. The complaint alleges that the records indicated that JK had been the victim of child abuse and had

---

[1] Plaintiff's complaint alleges that certain Defendants had "actual knowledge" of these facts while other Defendants either "knew or should have known" these facts. We assume for the purposes of this opinion that the Plaintiff could prove that all of the Defendants had actual knowledge of these facts.

once gotten into bed naked with another child without incident. The complaint in no way alleges facts that would indicate that JK had been sexually aggressive or otherwise violent with another child. In short, the records indicate that JK's part in sexual abuse had been as a victim, not an aggressor. Thus, the allegation that the information in the DCF records alerted Defendants to a serious risk of harm to SMN is conclusory and without basis in the factual allegations.

Additionally, even assuming Defendants were aware of a serious risk of harm to SMN, the complaint does not demonstrate that Defendants recklessly disregarded this risk. *See id*. at 1083. In fact, the complaint shows just the opposite: that Defendants acted to alleviate any possible risk, rather than recklessly disregarding it. The complaint alleges that three days after JK was placed in the home, McClenithan informed the foster parents of JK's history of being a sexual abuse victim. Once DCF received a report that JK sexually molested SMN–about 20 months after JK was first placed in the foster home–the agency removed JK and conducted an investigation into the incident. These facts do not show that Defendants disregarded the risk. Rather, they show that Defendants were, in fact, concerned about SMN's physical safety and took steps to prevent further harm.

Finally, the fact that Defendants may have violated some DCF guidelines does not establish that Defendants were deliberately indifferent to SMN's right to safety.

As a matter of law, allegations that defendants violated DCF guidelines do not support a claim for damages under § 1983. *Ray*, 370 F.3d at 1084-85.

## V. CONCLUSION

For the foregoing reasons, the district court erred in concluding that Defendants were not entitled to qualified immunity. Therefore, the district court's order denying the motion to dismiss on qualified immunity grounds is reversed. The case is remanded to the district court with instructions to dismiss the action against the Defendants with prejudice.[2]

**REVERSED and REMANDED.**

---

[2] DCF is a defendant in the district court, and the action against it is, of course, not affected by this appeal.